UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FREDDY POLLETT,**
                              **Plaintiff**
v.                                                      Civil Action No.
                                                        3:05CV40-J
**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                              **Defendant**

## MEMORANDUM OPINION

This case presents plaintiff Freddy Pollett's challenge to the decision of the Commissioner denying his claim to Disability Insurance Benefits and Supplemental Security Income payments. After examining the materials of record, the arguments, and the applicable authorities, the Court concludes that the case should be remanded for further proceedings.

Mr. Pollett filed his applications in February of 2003, alleging that he had been unable to engage in substantial gainful employment since January 29, 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Pollett suffered from severe impairments that prevented him from performing any of his past relevant work, but that he retained the residual functional capacity to perform a significant range of light work. If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

1

Central to this appeal is Mr. Pollett's claim that the after-effects of his encounter with West Nile virus included debilitating fatigue.  He argues that the ALJ erroneously rejected his testimony, and he claims that his treating physician's opinion was improperly rejected.  The claimant's assertions regarding a subjective symptom are not sufficient.  20 C.F.R. Sec. 404.1529(a),  King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged symptom, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling symptom.  Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986).   While the ALJ's opportunity to observe the demeanor of the testifying witnesses should not lightly be disregarded, the ALJ's credibility assessment must be supported by substantial evidence.  Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997).  Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so.  Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

      The ALJ stated that Mr. Pollett's testimony regarding his symptoms was not consistent with the objective medical evidence.  Unfortunately, the ALJ was not specific about this perceived inconsistency, and what he might have meant is not readily apparent.  The ALJ acknowledged that Mr. Pollett was hospitalized in August of 2002 as a result of his infection with the West Nile virus.  Furthermore, his treating physician attributed his continuing symptoms to his West Nile infection.

      Mr. Pollett's symptoms appeared consistent with some of the neurological sequelae of

West Nile encephalitis. While the literature was still developing at the time of his treatment, even the general media had begun to report on studies showing a high correlation between West Nile hospitalization and incidence of long term morbidity (including depression, chronic fatigue syndrome, tremors, and difficulty walking).[1] Given the fact that West Nile can cause the type of symptoms of which Mr. Pollett complains, plus the fact that Mr. Pollett's treating physician linked his symptoms and the West Nile virus, the ALJ needed to be much more specific about any perceived inconsistency between Mr. Pollett's symptoms and the medical record. Without that specificity, the ALJ appears to be exercising medical expertise

      The ALJ also statement that Mr. Pollett's testimony regarding his symptoms was inconsistent with his reports of his daily activities is also difficult to understand. For example, as the ALJ noted, Mr. Pollett did indeed testify that he used a riding mower to cut his grass. However, Mr. Pollett was quite clear in testifying that the task took him two or three days to accomplish: "I mow awhile, stop awhile, take a nap." Tr. 418. Given Mr. Pollett's testimony that he is not capable of *sustained* activity (as required for employment), the inconsistency between that claim and his description of his "stop and go," "a little at a time" activities is not apparent, and compliance with the law concerning credibility evaluation required more specific reasoning.

---

[1]"Among patients hospitalized in New York and New Jersey in 2000, more than half did not return to their functional level by discharge and only one third were fully ambulatory. One-year follow-up of the 1999 New York patients by the New York City Department of Health found frequent persistent symptoms (fatigue, 67%; memory loss, 50%; difficulty walking, 49%; muscle weakness, 44%; and depression, 38%)." Annals of Internal Medicine, 6 August 2002, Volume 137 Issue 3, Pages 173-179. See also, 2004 WLNR 18928000, 2004 WLNR 1637414, 2003 WLNR 3354869, etc.

Because of the lack of clarity in the opinion, as set forth above, it is not possible to determine whether substantial evidence supports the decision. It is necessary to remand the matter for further proceedings not inconsistent with this opinion. An order in conformity has entered.